CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 24 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff ) | Criminal Case No. 4:01cr70083 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SHANNON WILKINS, ) | By: Hon. Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |

This matter is before the court upon Shannon Wilkins motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). In 2002, the court sentenced Wilkins on several federal offenses to 40 months imprisonment followed by 5 years of supervised release. Wilkins states that he was released from prison on March 25, 2005, and has served "in excess of one year" of supervised release with "exemplary behavior."

Although the court commends Wilkins for exhibiting "exemplary behavior" while on supervised relief, the court finds no basis at this time upon which to grant the relief he seeks.[1] Moreover to the extent Wilkins attempts to move for a modification of his sentence, it also fails. Title 18 of the United States Code, §3583 specifically states that the court cannot modify a term of imprisonment once it has been imposed except under very specific circumstances, none of which apply in Wilkins's case. Neither the government nor the Bureau of Prisons has made a motion for modification of his sentence, and the court finds no other statutory provision under which Wilins is entitled to a modification. See §3582(c) and Rule 35(b), Federal Rules of Criminal Procedure. Furthermore, there has been no remand from the Court of Appeals requiring a modification of

---

[1] The court notes that at the time petitioner filed the instant motion, March 21, 2006, he had not yet served one year of supervised release, as Wilkins admits that he did not begin to serve his term of supervised release until March 25, 2005. Regardless, the court finds that the modification of Wilkins term of supervised release is not warranted.

sentence. See Rule 35(a).

Accordingly, it is hereby

**ORDERED**

that the defendant's motion for modification of sentence shall be and hereby is **DENIED**.[2]

The Clerk is directed to send certified copies of this order to the defendant and to counsel of record for the government.

ENTER: This **24th** day of March, 2006.

                                              Senior United States District Judge

---

[2]However, petitioner is hereby advised that on his request, and if the conditions warrant such a modification, his probation officer may make some modification as to the terms of his supervised release.